UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BOBBI BOLTON,
    Plaintiff,
v.

UNITED STATES OF AMERICA and
CORRECTIONS OFFICER JEFFREY LINTON,
    Defendants.

CIVIL ACTION

Case No. 4:03cv307 RH/WCS

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendants and alleges as follows:

1. At all times material hereto, Defendant JEFFREY LINTON was a correctional officer at FCI Tallahassee, which facility is within the Northern District of Florida.

2. At all times material hereto, Defendant UNITED STATES OF AMERICA owned and operated a corrections facility known as FCI Tallahassee and were the employers of Defendant JEFFREY LINTON.

3. At all times material hereto, Plaintiff BOBBI BOLTON was a federal prisoner confined in FCI Tallahassee, in Tallahassee, Florida, which facility is within the Northern District of Florida.

4. This Court has jurisdiction of this civil action under 28 U.S.C. §§1331 and 1346 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972) and 28 U.S.C. §2671, et. seq., Federal Tort Claims Act

OFFICE OF CLERK
U.S. DISTRICT CT
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

03 SEP 24 PM 3: 47

- 1 -


FILED

5. Plaintiff has made a claim under the Federal Tort Claims Act on October 29, 2002 (See Exhibit A), which claim was denied on April 2, 2003 (See Exhibit B), and Plaintiff has otherwise performed all acts precedent to bringing this suit or such acts have been performed.

## GENERAL ALLEGATIONS

6. During the year 2002, Plaintiff BOBBI BOLTON was an inmate at FCI Tallahassee, federal corrections facility under the care and custody of that facility and was a person to whom Defendants owed a duty of care.

7. In July 2002, Defendant, correctional officer JEFFREY LINTON was assigned to work in Plaintiff's housing unit. LINTON immediately began to make sexually suggestive comments to Bolton, e.g. "you are a fine sister; a girl like you can make a young man get in trouble, I would like to lick ice-cream off of you, we can have a pretty baby and I want to fuck you." At first, Plaintiff thought Linton was joking.

8. On occasion, Defendant LINTON entered Plaintiff BOLTON's room while she was on the toilet and would watch until she finished. On July 15, 2002, Bolton was cleaning the TV room. Linton entered, closed the door and asked her to draw the blinds so that they could have sex. Plaintiff BOLTON told Linton she was not that kind of girl and asked why he was harassing her. Linton responded by saying, "I want to fuck you." Bolton then left the room.

9. On the evening of July 15, 2002, Defendant LINTON came to Plaintiff BOLTON'S room and made threatening comments, e.g., that he would fix it so that she would

lose the halfway house placement, fail the drug program and be put into the special housing unit (SHU), the prison confinement area.

10. On July 21, 2002, Defendant LINTON came to Plaintiff BOLTON'S room. Linton said he was going to fuck Bolton or he was going to make sure she went to SHU.

11. Based on her fear of Defendant LINTON and the power he could exercise to harm her in the prison, and her fear that no one would believe her allegations against Linton, Plaintiff BOLTON reluctantly gave in to Linton's demands for sex.

12. On July 29, 2002, Linton again had sex with Bolton. Linton withdrew his penis before he reached orgasm and ejaculated onto Bolton's gown and panties. Bolton later cut off the portion of the gown and panties and sent to the office of her criminal attorney to be sent to a serology laboratory for testing.

13. The next day, July 30, 2002, Bolton told Prison personnel of the rape. On August 7, 2002, Bolton went to Special Investigation Services (SIS) to complain about the rapes. The FBI met with Bolton the same day.

14. As a result, Bolton was placed in SHU for protective custody. On August 9, 2002, Bolton told the doctors making rounds that she had been raped and was concerned about venereal disease and asked for an examination.

15. On August 20, 2002, Bolton finally received medical care.

16. Plaintiff BOLTON's criminal lawyer communicated with an agent with the office of the Inspector General in Florida, who said he was conducting an investigation of the

rape. The inspector asked for Bolton's lawyer to send all of the sperm evidence in the attorney's possession to him. The attorney however only sent a portion of the semen-stained garments to the prison inspector and never heard from him again.

17. The acts of the Defendant LINTON violated Plaintiff's constitutional rights, were wrongful as a matter of both federal and Florida law and without justification under any applicable federal statute or rule. Defendant LINTON was acting within the course and scope of his employment at the time of the wrongful acts.

18. On or about October 29, 2002, Plaintiff presented her claim in writing to the Federal Bureau of Prisons, U.S. Department of Justice, for administrative determination. (See Exhibit A, attached). Plaintiff subsequently received notice in writing from South Central Regional Counsel, dated April 2, 2003, stating that her claim was denied. (See Exhibit B, attached).

## COUNT I: EXCESSIVE FORCE (FOURTH AMENDMENT) AS TO DEFENDANT LINTON

19. Plaintiff re-alleges the General Allegations above, incorporates those allegations in this Count, and further alleges as follows:

20. Defendant LINTON committed repeated sexual battery against Plaintiff BOLTON without consent or lawful authority, by inserting his fingers and penis into Plaintiff's vagina in violation of the Fourth Amendment.

21. Defendant LINTON intended to cause this harmful and offensive contact with Plaintiff BOLTON in that the sexual acts and other harmful acts were deliberate and

in that LINTON threatened BOLTON in the course of the harmful acts and the acts of Defendant LINTON were substantially certain to result in harm and offense.

22. The rape of plaintiff by Defendant LINTON was accomplished under color of law and subjected and caused Plaintiff to be deprived of rights, privileges or immunities secured by the Fourth Amendment to the U.S. Constitution.

23. The foregoing actions of Defendants were intentional or were willful, wanton and in reckless disregard of Plaintiff BOLTON'S rights.

24. As a result of the rape of Plaintiff by Defendant LINTON, Plaintiff suffered physical pain and trauma and invasion of her person, suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

WHEREFORE, Plaintiff seeks compensatory and punitive damages and costs against Defendant LINTON, and such other relief as justice may require.

### COUNT II: CRUEL AND UNUSUAL PUNISHMENT (EIGHTH AMENDMENT) AS TO DEFENDANT LINTON

25. Plaintiff re-alleges the General Allegations above, incorporates those allegations in this Count, and further alleges as follows:

26. Defendant LINTON committed battery against Plaintiff BOLTON on or about without consent or lawful authority, by performing sexual acts, and raping her in violation of the Eighth Amendment.

27. Defendant LINTON intended to cause this harmful and offensive contact with Plaintiff BOLTON in that the sexual acts were deliberate and in that LINTON threatened BOLTON in the course of the sexual acts and the acts of Defendant LINTON were substantially certain to result in harm and offense.

28. The foregoing actions of Defendant LINTON were intentional and in disregard of Plaintiff BOLTON'S rights.

29. Severe and repetitive sexual abuse of an inmate is not part of the penalty that criminal offenders pay for their offenses against society and constitutes a cognizable claim of cruel and unusual punishment in violation of the Eighth Amendment.

30. As a result of the rape of Plaintiff by Defendant LINTON, Plaintiff suffered physical pain and trauma and invasion of her person, suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

WHEREFORE, Plaintiff seeks compensatory and punitive damages and costs against Defendant LINTON, and such other relief as justice may require.

### COUNT III: FEDERAL TORT CLAIMS ACT (NEGLIGENCE) AS TO THE UNITED STATES

31. Plaintiff re-alleges the General Allegations above, incorporates those allegations in this Count, and further alleges as follows:

32. Defendant, UNITED STATES OF AMERICA, having a legal duty to Plaintiff, an inmate in its care and custody, breached that duty in that it negligently operated and managed FCI Tallahassee corrections facility by:

    a. Hiring, retaining and entrusting Defendant LINTON who is, and was known or should have been known to defendants to be of such poor moral character, temperament, and disposition as to be totally unfit to be hired and retained as a corrections officer and placed in charge of the Plaintiff.

    b. Failing to adopt, incorporate and enforce such rules, regulations, policies and procedures for the operation and management of the FCI Tallahassee corrections facility as would reasonably protect Plaintiff and others detained or incarcerated in the corrections facility from Defendant LINTON or other corrections facility employees.

    c. Failing to properly supervise, investigate, and review the operation and management of the corrections facility and the activities and work performance of Defendant LINTON.

33. The negligence of Defendant UNITED STATES OF AMERICA was wrongful as a tort under the law of Florida and of the United States and without justification under any applicable state or federal statute or rule.

34. As a result of the negligence of Defendant UNITED STATES OF AMERICA, Plaintiff suffered physical trauma and invasion of her person, suffered and

continues to suffer great emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

WHEREFORE, Plaintiff seeks compensatory damages and costs against Defendant UNITED STATES OF AMERICA.

### COUNT IV: FEDERAL TORT CLAIMS ACT (BATTERY) AS TO DEFENDANT UNITED STATES

35. Plaintiff re-alleges the General Allegations above, incorporates those allegations in this Count, and further alleges as follows:

36. Defendant LINTON performed sexual acts on Plaintiff against her will and without her freely-given consent and such acts were wrongful as a tort under the law of Florida and of the United States and without justification under any applicable state or federal statute or rule.

37. In committing the rape, Defendant LINTON was acting within the course and scope of his employment with Defendant UNITED STATES OF AMERICA.

38. As a result of the rape of Plaintiff by Defendant LINTON, Plaintiff suffered physical trauma and invasion of her person, suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

WHEREFORE, Plaintiff seeks compensatory damages and costs against Defendant UNITED STATES OF AMERICA.

Plaintiff requests a trial by Jury on all issues so triable.

Respectfully Submitted,

*[signature]*

JAMES V. COOK
Florida Bar Number 0966843
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax

*[signature]*

JOHN L. GREEN, ESQ.
Texas Bar Number 00784165
Federal Bar Admission 15880
4888 Loop Central Drive, Ste. 445
Houston, Texas 77081
(713) 660-7400; 660-9921 fax

Counsel for Plaintiff

| CLAIM FOR DAMAGE INJURY, OR DEATH (This is a reprinted version of requisite information from Form 95) | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | |
|---|---|---|
| 1. Submit to Appropriate Federal Agency.<br>U.S. Department of Justice,<br>Federal Bureau of Prisons,<br>Federal Correction Institute, 501 Capital Circle NE,<br>Tallahassee, Florida 32301 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br>Claimant: Ms. Bobbi Bolton, P. O. Box 69126, St. Louis, Missouri 63169<br>Representative: Attorney John L. Green, 4888 Loop Central Dr., Suite 445, Houston, TX 77081 | |
| 3. TYPE OF EMPLOYMENT<br>MILITARY CIVILIAN | 4. DATE OF BIRTH<br>08/21/65 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>07/21/02 & 07/29/02 | 7. TIME (A.M OR P.M.)<br>P.M. |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Claimant is an inmate at FCI Tallahassee. Through threats, intimidation and coercion, a FCI Correction officer twice raped or forced her to have sexual intercourse with him at the facility, causing severe traumatic psychological and physical injury.

| 9. | | PROPERTY DAMAGE | None |
|---|---|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, State, and Zip Code)   N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIMANT. STATE NAME OF INJURED PERSON OR DECEDENT

Claimant was traumatized by the incidents and the treatment after she disclosed the incident, threats and the acts. She was on the on the verge of committing suicide while in segregation and isolation. She was denied unmonitored calls with her attorney and felt threatened for her life. She is under Psychiatric care and on Prozac. Physiologically, she felt a constant fear of having contracted sexually transmitted disease.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) | |
| Natasha Johnson | 609, 36th Avenue<br>Tuscaloosa, Alabama 35401 | |

| 12. (See instruction on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>None | 12b. PERSONAL INJURY<br>$5,000,000.00 | 12c. WRONGFUL DEATH<br>None | 12d. TOTAL (failure to specify may cause forfeiture of your rights)<br>$5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Bobbi Bolton* 10/29/02 | 13b. Phone Number of signatory<br>314 477 7832<br>(Contact number) | 14. DATE OF CLAIM<br>07/21/02 & 07/29/02 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A 287.) |

## Insurance Coverage

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? | Yes, if yes give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. No |
|---|---|
| | None |

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| None | N/A |

| 18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts) |
|---|
| N/A |

| 19. Do you carry public liability and property damage insurance? Yes, If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) |
|---|
| None |



U.S. Department of Justice

Federal Bureau of Prisons

*Southeast Regional Office*

3800 Camp Creek Parkway, SW
Building 2000
Atlanta, Georgia 30331-6226

April 2, 2003

**RETURN RECEIPT**
**7000 0600 0024 8063 8806**

Bobbi Bolton
Reg. No. 07304-031
c/o Attorney John L. Green
4888 Loop Central Dr.
Suite 445
Houston, TX 77081

RE: Tort Claim Number TRT-SER-2003-00706

Dear Claimant:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act, 28 U.S.C. 2672, and the authority granted by 28 C.F.R. 0.172. You claim liability in the amount of $5,000,000.00 for alleged staff negligence. Specifically, you contend on July 21, 2002, and July 29, 2002, respectively, due to staff negligence at the Federal Correctional Institution (FCI) in Tallahassee, Florida, you were sexually assaulted. You contend through threats, intimidation, and coercion, you were raped or forced to have sexual intercourse on two occasions, and have suffered traumatic psychological and physical injury.

Section 2672 of the Federal Tort Claims Act delegates to each federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

Our review of your claim, under the Federal Tort Claims Act, reveals there is no evidence to indicate you were sexually assaulted as a result of staff negligence. Based on the above information and in accordance with the Federal Tort Claims Act, 28 U.S.C. Section 2672, we do not find that you have suffered any loss/injury due to the negligence, wrongful act or omission of government employees of the United States. Therefore, your claim is denied.

If you are not satisfied with this determination, you may file suit in the appropriate United States District Court no later than six (6) months after the date of mailing of this notification.

Sincerely,

Lisa M. Sunderman
Regional Counsel

cc: Warden, FCI TAL
    ATTN: FTCA Coordinator