IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BOBBI BOLTON,

        Plaintiff,

vs.                                CASE NO. 4:03cv307-RH/WCS

UNITED STATES OF AMERICA,

        Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, the United States of America, Defendant herein,
represented by the undersigned Assistant United States Attorney,
which for its Answer to Plaintiff's Complaint avers:

1.  Without knowledge and therefore denied.

2.  It is admitted that the United States of America owned
and operated Federal Correctional Institution (FCI) Tallahassee.
The United States is without knowledge as to the remaining
allegations and therefore denies them.

3.  Defendant only admits that Plaintiff was a federal
inmate incarcerated at FCI Tallahassee from October 30, 2001
through October 1, 2002.  All other allegations are denied.

4.  This is a jurisdictional allegation for which no
response is required.  To the extent a response is required, the

OFFI...
U.S. DISTRICT
NORTHERN DIST...
TALLAH...

03 DEC 18 PM 4: 51

FILED

allegations are denied.

5.  Defendant only admits that an administrative tort claim was receipted by the Bureau of Prisons on March 13, 2003, and denied by the Bureau of Prisons on April 2, 2003. All other allegations are denied.

6.  Defendant only admits that Plaintiff was a federal inmate incarcerated at FCI Tallahassee from October 30, 2001 through October 1, 2002. All other allegations are denied.

7.  Without knowledge and therefore denied.

8.  Without knowledge and therefore denied.

9.  Without knowledge and therefore denied.

10.  Without knowledge and therefore denied.

11.  Without knowledge and therefore denied.

12.  Without knowledge and therefore denied.

13.  Without knowledge and therefore denied.

14.  It is admitted that Plaintiff was placed in SHU at FCI Tallahassee from August 7, 2002, through October 1, 2002. The defendant is without knowledge of the remaining allegations and therefore denies them.

15.  Without knowledge and therefore denied.

16.  Without knowledge and therefore denied.

17.  Denied.

18.  Defendant only admits that an administrative tort claim was receipted by the Bureau of Prisons on March 13, 2003, and

2

denied by the Bureau of Prisons on April 2, 2003. All other allegations are denied.

19. The Defendant realleges its responses as previously set forth.

20. This is an allegation against defendant Linton which the United States of America and the United States Attorney's Office does not represent. To the extent an answer is required by the United States of America, the allegations are denied.

21. This is an allegation against defendant Linton which the United States of America and the United States Attorney's Office does not represent. To the extent an answer is required by the United States of America, the allegations are denied.

22. This is an allegation against defendant Linton which the United States of America and the United States Attorney's Office does not represent. To the extent an answer is required by the United States of America, the allegations are denied.

23. This is an allegation against defendant Linton which the United States of America and the United States Attorney's Office does not represent. To the extent an answer is required by the United States of America, the allegations are denied.

24. This is an allegation against defendant Linton which the United States of America and the United States Attorney's Office does not represent. To the extent an answer is required by the United States of America, the allegations are denied.

3

25.   This is an allegation against defendant Linton which the United States of America and the United States Attorney's Office does not represent. To the extent an answer is required by the United States of America, the previously set forth responses are realleged.

26.   This is an allegation against defendant Linton which the United States of America and the United States Attorney's Office does not represent. To the extent an answer is required by the United States of America, the allegations are denied.

27.   This is an allegation against defendant Linton which the United States of America and the United States Attorney's Office does not represent. To the extent an answer is required by the United States of America, the allegations are denied.

28.   This is an allegation against defendant Linton which the United States of America and the United States Attorney's Office does not represent. To the extent an answer is required by the United States of America, the allegations are denied.

29.   This is an allegation against defendant Linton which the United States of America and the United States Attorney's Office does not represent. To the extent an answer is required by the United States of America, the previously set forth responses are realleged.

30.   Without knowledge and therefore denied.

31.   The Defendant realleges its responses as previously set

4

forth.

    32.  Denied.

    32. a.  Denied.

    32. b.  Denied.

    32. c.  Denied.

    33.  Denied.

    34.  Denied.

    35.  The Defendant realleges its responses as previously set

forth.

    36.  Denied.

    37.  Denied.

    38.  Without knowledge and therefore denied.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff Bobbi Bolton's own negligence or fault contributed to or caused her alleged injuries and/or damages, and in the event the Defendant, United States of America, is found negligent, which negligence it denies, any recovery by her must be proportionately reduced or barred altogether.

5

**THIRD DEFENSE**

Any alleged injuries and/or damages incurred by Plaintiff were not proximately caused by any negligent or wrongful act or lack of due care by the Defendant, United States of America, or its employees acting within the scope of their duties.

**FOURTH DEFENSE**

Pursuant to the Federal Tort Claims Act, recovery, if any, is limited to the amount of the claim presented administratively. 28 U.S.C. § 2675 (b).

**FIFTH DEFENSE**

Pursuant to FSA § 768.76, any award or judgment to Plaintiff, shall be reduced by "the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to him, from all collateral sources."

**SIXTH DEFENSE**

All allegations not specifically admitted are denied.

**SEVENTH DEFENSE**

The Defendant, United States of America, violated no actionable duty owed to Plaintiff.

**EIGHTH DEFENSE**

This court lacks subject matter jurisdiction over Plaintiff's claim.

6

## NINTH DEFENSE

The alleged injuries to Plaintiff were caused by the negligence or fault of third parties, for whose actions or omissions the United States is not legally responsible.

## TENTH DEFENSE

The Plaintiff has failed to mitigate her damages.

## ELEVENTH DEFENSE

Defendant Linton was not acting within the scope of his employment.

## TWELFTH DEFENSE

Defendant, United States of America, is not responsible for intentional torts or criminal acts of Defendant Linton.

## THIRTEENTH DEFENSE

There are no issues triable by jury with regard to Defendant, United States of America.

## FOURTEENTH DEFENSE

Plaintiff has failed to properly effect service as required by law.

7

WHEREFORE, Defendant the UNITED STATES OF AMERICA prays that this Answer be deemed sufficient and that Plaintiff's Complaint be dismissed with prejudice and with costs.  The Defendant, United States of America, also prays for such other relief in law or equity to which it may be entitled.

Submitted this __18__ day of December 2003.

Respectfully submitted,

GREGORY R. MILLER
United States Attorney

ROBERT D. STINSON
Assistant U.S. Attorney
Fla. Bar No. 319406
111 North Adams St., 4th Floor
Tallahassee, Florida 32301
850/942-8430

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent by United States Mail this __18__ day of December, 2003, to James V. Cook, Attorney for Plaintiff, 314 W. Jefferson Street, Tallahassee, Florida 32301.

ATTORNEY