IN THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BOBBIE BOLTON,
    Plaintiff,
vs.

CASE NO. 4:03CV307-RH/WCS

UNITED STATES OF AMERICA, and
CORRECTIONS OFFICER JEFFREY LINTON
    Defendant.

**AGREED MOTION TO AMEND TO ADD PARTY, OR
ALTERNATIVELY, AGREED MOTION TO SERVE PARTY OUT OF TIME
AND MOTIONS TO EXTEND TIME FOR DISCOVERY AND TRIAL**

COMES NOW the Plaintiff, BOBBIE BOLTON, through the undersigned attorney, and moves this Honorable Court to Grant Plaintiff's Agreed Motion to Amend Pleadings to Add a Party, or alternatively to Serve Party Out of Time, and to Extend Time for Discovery and Trial, and as grounds would show that the Attorney for the United States does not object to this Motion and would further show as follows:

1. This Attorney originally named Corrections Officer, JEFFREY LINTON, the only party herein who is subject to Plaintiff's constitutional claim. This attorney has used due diligence to serve Jeffrey Linton but has not been able to do so within the 120 day time frame.

2. Linton no longer works for the United States. In its initial discovery disclosures, the United States gave an address of 8415 West Tennessee Street.

3. The nearest address to the above address appears to be 8403 and 8419 West Tennessee Street. These addresses are near the county line with Gadsden County, a wooded area with few houses. This attorney went to that area and found no such address.

4. This attorney, using a skip trace service, found 54 addresses for persons named Jeffrey or Jeffery Linton in or within 90 miles of Tallahassee. None of the persons had any record at living at the above address or similar address.

5. Within the last 14 days, this attorney obtained, through discovery, additional information that appears to identify a Jeffrey Linton who lives either in Gadsden County or Citrus County. Both addresses show activity as recent as March.

6. This attorney feels he is now able to serve Jeffrey Linton. However the 120 days allowed has expired and it would be necessary to serve Mr. Linton out of time or to dismiss and then amend to add Mr. Linton as a party. Mr. Linton can be served within the statute of limitations for the cause of action relating to him.

7. Discovery has been scheduled, as agreed by the Parties, to end on July 1, 2004. Serving Mr. Linton out of time or dismissing and adding him as a party would necessitate the extension of the discovery period to allow Linton to conduct discovery if he so desires.

8. This matter is currently set for trial on September 7, 2004. Extending discovery would require the continuation of the Trial date to November or December.

9. This attorney has contacted the Attorney for the United States, Robert Stinson, who does not object to the relief requested in this Motion.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

A. Permit Plaintiff to add Jeffrey Linton as a Party after dismissal;

B. Alternatively, permit Plaintiff to serve Jeffrey Linton out of time;

    C. Extend discovery by 60 days;

    D. Extend time for the Trial to November or December.

I certify a true copy hereof was sent electronically on 5/16/2004 to:

Robert Stinson, Esq.
U.S. Attorney's Office
111 North Adams Street, Ste. 400
Tallahassee, Florida 32301-7717

                                            s/James V. Cook
                                            JAMES V. COOK
                                            Florida Bar Number 0966843
                                            314 West Jefferson Street
                                            Tallahassee, Florida 32301
                                            (850) 222-8080; 561-0836 fax