UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERNEST JAY McCALLIE,

    Plaintiff,

v.                                                Case No.: 4:04cv112-spm/ak

CSX TRANSPORTATION, INC.,
a foreign corporation,

    Defendant.

_____/

## CSX TRANSPORTATION, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CSX Transportation, Inc. ("CSXT"), by counsel, hereby responds to the numbered paragraphs of Plaintiff's complaint in correspondingly numbered paragraphs, as follows:

1. CSXT admits that Plaintiff purports to state claims under the statutes cited in paragraph 1 of the Complaint, but denies it violated those statutes. CSXT denies that this Court has jurisdiction over Plaintiff's claims because they are preempted by the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.*

2. CSXT admits that venue in this Court would be proper if the Court had jurisdiction. CSXT denies that any of its acts or omissions gave rise to any claim by Plaintiff. CSXT denies the remaining allegations in paragraph 2.

3. CSXT admits that Plaintiff was employed by CSXT until Plaintiff filed for disability retirement effective January of 2004. CSXT denies the remaining allegations in paragraph 3.

4. CSXT admits that during Plaintiff's employment, Plaintiff was eligible to participate in a medical insurance plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001 *et seq.* CSXT further admits that Plaintiff purports to state a claim under ERISA, 29 U.S.C. §1132(a) (1) (B). CSXT denies that Plaintiff has stated any claim under ERISA, denies that CSXT committed any unlawful practices, and denies that Plaintiff is entitled to any relief whatsoever under ERISA or any other statute.

5. CSXT denies that this Court has jurisdiction because Plaintiff's claims are pre-empted by the RLA and because Plaintiff is not a "participant, beneficiary, or fiduciary" within the meaning of ERISA.

6. CSXT realleges and incorporates by reference the responses contained in paragraphs 1 through 5 above as if set forth fully herein.

7. Upon information and belief, CSXT admits the allegations in paragraph 7.

8. CSXT admits that Plaintiff purports to be aggrieved under the statutes but denies that he has any claims under those statutes.

9. CSXT admits that Plaintiff was employed by CSXT. CSXT admits that Plaintiff agreed to resign effective August 2003. CSXT admits that Plaintiff filed for retirement in December 2003 and began receiving retirement medical benefits thereafter. CSXT further admits that it is a Virginia corporation licensed to do business in Florida. CSXT admits it is an employer as defined in the statutes cited in paragraph 9. CSXT denies the remaining allegations in paragraph 9.

10. CSXT admits that Plaintiff filed a charge with the Florida Commission on Human Rights. CSXT denies the remaining allegations in paragraph 10.

11. CSXT realleges and incorporates by reference the responses contained in paragraphs 1 through 10 as if fully set forth herein.

12. CSXT admits that Plaintiff had been employed by CSXT or its predecessor companies as a Conductor for approximately 32 years. CSXT denies the remaining allegations in paragraph 12.

13. CSXT admits that it has provided Plaintiff with medical insurance coverage during all or part of his employment with CSXT. CSXT denies the remaining allegations in paragraph 13.

14. CSXT admits the allegations in paragraph 14.

15. CSXT admits that in the absence of an agreement to resign, as is present in this case, failure to promptly mark up for duty following the suspension would be considered an absence without authority and could result in further disciplinary action. CSXT denies the remaining allegations in paragraph 15.

16. CSXT admits on or about August 1, 2003, Plaintiff attempted to mark up for duty despite the agreement, that he or his union representative requested and CSXT accepted, to retire after his suspension. CSXT denies the remaining allegations in paragraph 16.

17. CSXT admits that Plaintiff was examined by Dr. Kane at CSXT's Medical Department on August 1, 2003, who released him to return to duty. CSXT denies the remaining allegations in paragraph 17.

18. CSXT admits the allegations in paragraph 18.

19. CSXT admits that Plaintiff attempted to mark up for duty despite the agreement, that he or his union representative requested and CSXT accepted, to resign after his suspension. CSXT admits that it held him out of service because of the agreement. CSXT is without sufficient information to admit or deny the remaining allegations in paragraph 19.

20. CSXT admits that Plaintiff attempted to mark up for duty despite the agreement, that he or his union representative requested and CSXT accepted, to resign after his suspension. CSXT admits that Conductors bid on jobs based on a bona fide seniority system. CSXT denies the remaining allegations in paragraph 20.

21. CSXT denies the allegations in paragraph 21.

22. CSXT realleges and incorporates by reference the responses contained in paragraphs 1 through 21 as if fully set forth herein.

23. CSXT admits that Plaintiff complains of age discrimination in violation of the statute cited in paragraph 23, but denies CSXT violated this statute.

24. CSXT denies the allegations in paragraph 24.

25. CSXT denies the allegations in paragraph 25.

26. CSXT denies the allegations in paragraph 26.

27. CSXT denies the allegations in paragraph 27.

28. CSXT realleges and incorporates by reference the responses contained in paragraphs 1 through 27 as if fully set forth herein.

29. CSXT admits that Plaintiff complains of age discrimination in violation of the statute cited in paragraph 29, but denies CSXT violated this statute.

30. CSXT denies the allegations in paragraph 30.

31. CSXT denies the allegations in paragraph 31.

32. CSXT admits that age is not a bona fide occupational qualification for the Conductor position.

33. CSXT denies the allegations in paragraph 33.

34. CSXT denies the allegations in paragraph 34.

35. CSXT realleges and incorporates by reference its responses contained in paragraphs 1 through 34 as if fully set forth herein.

36. CSXT denies the allegations in paragraph 36.

37. CSXT denies the allegations in paragraph 37.

38. CSXT denies that Plaintiff is entitled to the relief sought in paragraph 38 or any other relief whatsoever from CSXT.

CSXT further denies that Plaintiff is entitled to the relief sought in its "Wherefore" clause following paragraph 38, or any other relief whatsoever from CSXT.

Any and all allegations not specifically admitted herein are denied.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiff has failed to state a claim upon which relief may be granted, in whole or in part.

### Second Affirmative Defense

The mandatory arbitration provisions of the Railway Labor Act preclude Plaintiff from bringing his claims in federal court.

### Third Affirmative Defense

To the extent that Plaintiff has failed to satisfy the statutory or regulatory prerequisites to pursuing any of his claims, those claims are barred.

### Fourth Affirmative Defense

All actions taken with respect to Plaintiff were for legitimate business reasons without regard to any protected classification.

### Fifth Affirmative Defense

Plaintiff is not entitled to a jury trial on his ERISA claim.

### Sixth Affirmative Defense

Plaintiff has failed to exhaust his administrative remedies under ERISA and, therefore, his ERISA claim is barred.

### Seventh Affirmative Defense

CSXT is not a proper party to Plaintiff's ERISA claim.

### Eighth Affirmative Defense

Plaintiff's ERISA claim should be dismissed for failure to name a proper and necessary party.

### Ninth Affirmative Defense

Plaintiff is not a "participant, beneficiary, or fiduciary" under ERISA and accordingly cannot bring an action pursuant to that statute.

### Tenth Affirmative Defense

Plaintiff suffered no adverse action by CSXT as he or his union representative offered an agreement under which Plaintiff would resign after his six month suspension, which CSXT accepted.

### Eleventh Affirmative Defense

CSXT is entitled to a set-off for any payments made to or on behalf of Plaintiff by any statutory collateral source.

### Twelfth Affirmative Defense

To the extent Plaintiff has failed to comply with his duty to mitigate damages, his entitlement to which is expressly denied, CSXT is not responsible for those damages.

### Thirteenth Affirmative Defense

Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by CSXT and/or his union and otherwise failed to avoid the harm he allegedly suffered.

### Fourteenth Affirmative Defense

If any CSXT employee engaged in discriminatory behavior's Plaintiff has alleged, which is expressly denied, such behavior is directly contrary to CSXT's good faith efforts to comply with all relevant federal and state employment laws.

### Fifteenth Affirmative Defense

Compensatory damages are not available under the Age Discrimination in Employment Act.

### Sixteenth Affirmative Defense

CSXT relies upon a bona fide seniority system in determining who will fill Conductor jobs.

### Seventeenth Affirmative Defense

Any award of damages under the Age Discrimination in Employment Act, is subject to the statutory cap set forth in 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b).

CSXT reserves the right to rely upon any properly proven defenses and to amend its answer up to and including the time of trial.

WHEREFORE, CSXT requests judgment in its favor as follows:

A. That Plaintiff's Complaint be dismissed in its entirety with prejudice, with Plaintiff to take nothing thereby;

B. That all equitable and monetary relief requested by Plaintiff be denied;

C. That CSXT be awarded its costs incurred herein;

D. That CSXT be awarded its reasonable attorneys' fees incurred herein to the full extent permitted by law; and

E. That CSXT be awarded any other further relief that the Court deems just and proper.

McGuireWoods LLP

   s/ Scott S. Cairns
Scott S. Cairns
Florida Bar No.: 0037739
Neera Mahajan Shetty
Florida Bar No.: 0620076
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Telephone: (904) 798-3200
Facsimile: (904) 798-3261
E-Mail: scairns@mcguirewoods.com

Attorneys for CSX Transportation, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14, 2004, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Gary Lee Printy, Esquire (attorney for plaintiff).

   s/ Scott S. Cairns
Attorney

\\LAB\503651.1

9