IN THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BOBBIE BOLTON,
    Plaintiff,

vs.                        CASE NO. 4:03CV307-RH/WCS

UNITED STATES OF AMERICA, and
CORRECTIONS OFFICER JEFFREY LINTON,
    Defendant.

**REPORT OF PARTIES' PLANNING MEETING AND
ADDITIONAL MATTERS REQUIRED BY ORDER FOR PRETRIAL CONFERENCE**

I.     Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on July 20, 2004, and was attended by:

    James V. Cook for the Plaintiff Bobbi Bolton

    Robert Stinson for Defendant United States of America

    Gary Printy for Defendant Jeffrey Linton

A. The Parties discussed the possibility of settlement by mediation after additional discovery by and relating to Defendant Jeffrey Linton who was served on June 17, 2004, and has just retained counsel.

B. The Parties can stipulate to the following facts:

    1. The facts admitted in the answers to the complaint and the answers to discovery;

    2. That at all relevant times, Plaintiff was in the care and custody of the United States of America;

    3. That at all relevant times, Jeffrey Linton was a correctional officer at the Federal Correctional Institute, Tallahassee, Florida;

    4. That Jeffrey Linton engaged in sex with Plaintiff;

5. That Jeffrey Linton resigned his position as a correctional officer and pled guilty to sexual misconduct.

C. The Parties have drawn up a pretrial stipulation below.

D. Plaintiff and Defendant United States of America have examined some exhibits to be used at trial. The number of exhibits may change. Defendant Linton expects to have limited exhibits and has requested additional time to make discovery.

E. Plaintiff and Defendant United States of America have previously exchanged names of expected witnesses and expect further witnesses to emerge as the result of depositions and other discovery by and of Defendant Linton. Defendant Linton will file disclosures under Rule 26(a) as required by law. Defendant Linton and the other two parties have requested additional time to make discovery.

F. The Parties have discussed damages and issues of proof and law relating to damages.

G. The Parties have discussed other matters to expedite pretrial and trial on the case however all Parties agreed to request an additional 60 days for discovery and to continue pretrial and trial accordingly by a separate motion filed previously.

II. Pretrial Stipulation

A. The Parties agree that the basis of federal jurisdiction is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972) and 28 U.S.C. § 1346(b) and §2671, et. seq., Federal Tort Claims Act.

B. The nature of the case is a *Bivens* claim against Jeffrey Linton for the violation of Plaintiff's constitutional rights through sexual battery and a Federal Tort Claims Act claim against the United States of America.

C. The Parties would briefly state their cases as follows:

1. Plaintiff claims her rights were violated when she was raped on two occasions by officer Linton while imprisoned in Federal Correctional Institute at Tallahassee, Florida and that the United States of America is negligently liable for the acts of its employees that led to her injury;

2. Defendant United States of America denies any prior knowledge of such sexual conduct by officer Linton and asserts that any such conduct was outside the course and scope of his employment and has raised numerous defenses.

3. Defendant Linton denies any violation of Plaintiff's civil rights and admits to sexual contact with Plaintiff and maintains such contact was by Plaintiff's consent and has raised numerous defenses.

D. The Plaintiff and Defendant United States have exchanged certain exhibits and agree that additional exhibits may result from further discovery by and of Defendant Linton and have requested additional time for discovery by separate motion previously filed.

E. The Plaintiff and Defendant United States have exchanged the names of some witnesses and agree that additional witnesses may result from further discovery by and of Defendant Linton and have requested additional time for discovery by separate motion previously filed.

F. The Parties agree to the following facts:

1. The facts stated or admitted in the answers to the complaint and answers to discovery;
2. That at all relevant times, Plaintiff was in the care and custody of the United States of America;
3. That at all relevant times, Jeffrey Linton was a corrections officer at the corrections facility where Plaintiff was held;
4. That Jeffrey Linton engaged in sex with Plaintiff;
5. That Jeffrey Linton pled guilty to sexual misconduct and resigned his position as a corrections officer.

G. The Parties agree to the following issues of law.
1. This Court has venue in this matter;
2. The Plaintiff has exhausted her administrative remedies under the Federal Tort Claims Act.

H. The following issues of fact remain to be litigated:
1. Whether Plaintiff consented to sexual contact with Linton;
2. How many times Defendant Linton and Plaintiff Bolton had sex;
3. Whether Defendant United States had prior notice of misconduct;
4. Whether Defendant Linton's acts were within the scope of employment;
5. Whether Defendant United States took appropriate action to protect Plaintiff prior to and after the alleged incident (however Defendant United States of America contends that Plaintiff would have to amend her complaint to raise these issues);
6. Whether Defendant United States committed spoliation of evidence by delaying medical care (however Defendant United States of America

contends that Plaintiff would have to amend her complaint to raise these issues)

I. The following issues of law remain to be litigated:

1. Whether Defendant Linton was in the scope of his employment;

2. Whether the Defendant United States of America is immune from suit;

3. Whether Plaintiff has adequately pled a prima facie case.

J. The Parties agree Federal Rules of Civil Procedure and Evidence apply.

K. Defendants expect to file Motions for Summary Judgment. All parties expect to file Motions in Limine, including a Motion to exclude medical damages.

L. The case is a jury case as to Defendant Linton and non-jury as to Defendant United States of America.

M. Counsel believe that the trial will last approximately four days.

Respectfully submitted,

s/James Cook_____
JAMES V. COOK
For the Plaintiff
Florida Bar Number 0966843
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax


s/Robert Stinson_____
ROBERT STINSON
For the United States of America


s/Gary Printy_____
GARY PRINTY
For Jeffrey Linton