# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

BOBBIE BOLTON,

    Plaintiff,

v.                                              CASE NO. 4:03cv307-RH/WCS

UNITED STATES OF AMERICA and
CORRECTIONS OFFICER JEFFREY LINTON,

    Defendant.

_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Bobbi Bolton, an inmate in the Bureau of Prisons, asserts that defendant Jeffrey Linton, a correctional officer, coerced her into having sex with him by threats of adverse official action. In this action, Ms. Bolton seeks recovery against Mr. Linton individually (asserting a constitutional tort) and against the United States under the Federal Tort Claims Act (asserting battery by Mr. Linton and negligence of other federal employees in the hiring, training, supervision, and retention of Mr. Linton). Mr. Linton admits having sex with Ms. Bolton but asserts it was consensual.

Mr. Linton has moved for summary judgment on the ground that Ms. Bolton

did not exhaust her administrative remedies as required by the Prison Litigation Reform Act. I conclude that Ms. Bolton *did* exhaust her administrative remedies and thus deny the motion.

The government has moved for summary judgment on the ground that Mr. Linton was not acting within the scope of his employment, thus rendering the government not liable for any battery, and that there was no negligence in hiring, training, supervising, or retaining Mr. Linton. I conclude that the government may be liable for Mr. Linton's conduct even though he was acting outside the scope of his employment, and that there are disputed factual issues with respect to negligent supervision or retention. I thus deny the government's motion for summary judgment on the claims of battery and negligent supervision or retention. I also conclude, however, that Ms. Bolton has presented no evidence that would support a finding of negligent hiring or training, and I thus grant the motion for summary judgment with respect to those claims.

# I
# Exhaustion

As all parties agree, Ms. Bolton was required under the Prison Litigation Reform Act to exhaust all available administrative remedies prior to commencing this action. *See* 42 U.S.C. §1997e. The sole ground on which Mr. Linton seeks

summary judgment is that Ms. Bolton failed to do so. But that is not correct.

The Bureau of Prisons has a four-stage "Administrative Remedy Program." 28 C.F.R. Pt. 542, Subpt. B. First, an inmate must attempt "informal resolution." 28 C.F.R. §542.13(a). If that fails, an inmate must submit "a formal written Administrative Remedy Request." 28 C.F.R. §542.14(a). An inmate "who is not satisfied with the Warden's response" to such a formal request may submit an appeal to the appropriate Regional Director. 28 C.F.R. §542.15(a). An inmate "who is not satisfied with the Regional Director's response" may submit an appeal to the General Counsel. *Id.*

In the case at bar, Ms. Bolton properly sought "informal resolution" by orally complaining of Mr. Linton's conduct by not later than August 7, 2002. Prison authorities promptly confronted Mr. Linton, and he resigned. Ms. Bolton thus achieved the full measure of relief that was available within the administrative process: the condition at issue (exposure to sexual hostility) was remedied.[1] Ms. Bolton did not seek review by the warden by submitting "a formal written Administrative Remedy Request," nor did she appeal to the regional director or general counsel.

---

[1] The Bureau not only sought and obtained Mr. Linton's resignation, but it also referred the matter to the Federal Bureau of Investigation for possible criminal prosecution. In due course, Mr. Linton was charged with and pled guilty to the misdemeanor offense of having sex with an inmate in his custody. *See* 18 U.S.C. §2243(b).

Mr. Linton does not contest the adequacy of Ms. Bolton's exhaustion of the "informal resolution" remedy. Mr. Linton asserts, however, that Ms. Bolton was obligated to pursue the additional steps in the administrative process, formally appealing to the warden, regional director, and general counsel, in turn. Mr. Linton makes this assertion even though, as he admits, Ms. Bolton had achieved at the informal resolution stage all the relief that was available within the administrative process.

Mr. Linton's assertion makes no sense. An appeal of a successful result is required by neither the express terms of the Administrative Remedy Program nor by the Prison Litigation Reform Act.[2] To the contrary, the Administrative Remedy Program is explicitly designed to resolve a prisoner's complaint at the informal stage if possible; this is the entire point of the requirement that a prisoner attempt informal resolution. That is precisely what occurred here. And nothing in the Prison Litigation Reform Act requires a prisoner to pursue administrative remedies beyond the point of complete success.

Mr. Linton has cited no case in which an inmate prevailed at one stage of the administrative process but was required to pursue an appeal. Nor does he cite any authority suggesting such an appeal would be available, even if a prisoner sought

---

[2] Asked why a prisoner who wins at the informal stage should pursue the issue to the warden, regional director, and general counsel, Mr. Linton's attorney's only response was because that is what the law requires. But it does not.

to pursue one.  When a prisoner wins in the administrative process, he or she need not continue to appeal the favorable ruling.

It is true, of course, that Mr. Linton did not recover damages in the administrative process; damages are not an available administrative remedy in the Bureau of Prisons.  As Mr. Linton notes, a prisoner must exhaust any available administrative remedies even if she seeks an award of damages.  *See, e.g., Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001).  But a prisoner who has exhausted administrative remedies—as Ms. Bolton has done—need not appeal a favorable administrative ruling, just because she also seeks an award of damages.  The Bureau's own regulations make clear that, when Ms. Bolton reached the point at which she had prevailed and had recovered all available relief other than an award of damages, the appropriate next step was not further pursuit of the administrative process, but instead a reference to the statutory procedures leading to the filing of a lawsuit such as the case at bar:

> If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedure.

28 C.F.R. §542.10(c).  Ms. Bolton followed the "appropriate statutorily-mandated

procedure" by filing a claim as required by the Federal Tort Claims Act.[3]

In sum, Ms. Bolton fully and properly exhausted her remedies under the Bureau of Prisons Administrative Remedy Program when she sought and achieved informal resolution, thus obviating the need for (and rendering improper) any further appeal within the administrative process. Mr. Linton's motion for summary judgment based on failure to exhaust administrative remedies will be denied.

## II
## Negligence

Ms. Bolton asserts claims under the Federal Tort Claims Act for negligent hiring, training, supervision, and retention of Mr. Linton. The government seeks summary judgment on these claims on the ground that the Ms. Bolton has presented no evidence that would support a finding of such negligence.

With respect to hiring and training, the government is correct. Ms. Bolton has presented no evidence that, with reasonable care, a hiring authority would have found any reason to doubt Mr. Linton's fitness to serve in a correctional facility. Nor has Ms. Bolton presented any evidence of negligent training. To the contrary, Mr. Linton's extensive training included clear instructions not to engage in sex with inmates. Ms. Bolton has presented no evidence that better training could have

---

[3] Neither Mr. Linton nor the government challenges the adequacy of Ms. Bolton's compliance with the pre-suit requirements of the Federal Tort Claims Act.

been provided or would have made any difference.

With respect to supervision and retention, however, the result is different. Ms. Bolton has presented evidence that, when viewed with all inferences in her favor as required for summary judgment purposes, would support a finding that Captain Ron Horton knew Ms. Bolton was at risk of an attack by Mr. Linton but failed to act. The evidence includes testimony of Mr. Horton that he was told Mr. Linton was "dirty," testimony of Mary Lee Faison that she told Mr. Horton that Mr. Linton was ogling Ms. Bolton, and testimony of Ashley Turner that she heard Mr. Horton himself say he had been told about Mr. Linton's conduct but failed to act.

The government acknowledges that Ms. Turner's testimony, if admissible, would be sufficient to defeat summary judgment on this claim, but the government asserts her testimony in inadmissible hearsay. I disagree. Ms. Turner was (according to the declaration) an eye witness to Mr. Horton's statement, and Mr. Horton's statement is admissible as a party admission under Federal Rule of Evidence 801(d)(2)(D). *See, e.g., Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1565 (11th Cir. 1991) (concluding that admissibility of employee's statement under Rule 801(d)(2)(D) turns not on employee's "speaking authority" but rather on whether the statement concerned a "matter within the scope of [his] agency or employment"). As chief correctional officer, Mr. Horton's duties

included supervising subordinate officers and dealing with inmate security matters; in his deposition, Mr. Horton seemingly acknowledged as much. Fielding reports of correctional officer abuse of prisoners was within the scope of Mr. Horton's employment.

The government's motion for summary judgment will be granted with respect to negligent hiring and training and denied with respect to negligent supervision and retention.

### III
### Battery

Ms. Bolton also seeks recovery against the United States for the intentional tort of battery that she says was committed by Mr. Linton. The Federal Tort Claims Act does not allow recovery for intentional torts committed by most government employees, but there is an exception to that rule for law enforcement officers. By the proviso in 28 U.S.C. §2680(h), the United States has specifically accepted liability for certain intentional torts, including battery, if committed by "law enforcement officers of the United States Government."

The government admits that Mr. Linton was such an officer. The government asserts, however, that he was not acting within the scope of his employment when he had sex with Ms. Bolton. That is correct. *See, e.g.,*

*Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 756-57, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998) (holding that supervisory employee was not acting within scope of employment in seeking sex from subordinate employee).

Mr. Linton was, however, acting under color of law. His entire relationship with Ms. Bolton was as a correctional officer, and, according to Ms. Bolton, he threatened to take official action against her—sending her to the special housing unit and affecting her release date—unless she submitted to his sexual demands.

Congress intended the proviso in §2680(h) to apply to acts of law enforcement officers "within the scope of their employment, *or* under color of Federal law." S. Rep. No. 93-588 (1973), *reprinted in* 1974 U.S.C.C.A.N. 2789, 2791 (emphasis added). This reading of the proviso is fully consistent with 28 U.S.C. §2674, which renders the government liable "in the same manner and to the same extent as a private individual under like circumstances." A private individual whose employee wields the employer's authority may, in appropriate circumstances, be held liable therefor, even if outside the scope of employment. *See Ellerth*, 524 U.S. at 758 ("Scope of employment does not define the only basis for employer liability under agency principles"); *id.* at 760-65 (setting forth standards under which employer may be held liable for acts of supervisory employee who threatens adverse action if sexual advances are rebuffed).

Nothing in the Federal Tort Claims Act bars liability for acts of a law

enforcement officer that would be attributed to the employer under standard agency principles. It is true, as the government notes, that the Federal Tort Claims Act jurisdictional provision, 28 U.S.C. §1346(b)(1), explicitly refers to scope of employment. But that reference is immediately followed by the "private individual" rule that matches the substantive standard set forth in §2674. Thus §1346(b)(1) provides federal jurisdiction of civil actions on claims against the United States for injury or loss

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *under circumstances where the United States, if a private person, would be liable to the claimant* in accordance with the law of the place where the act or omission occurred.

28 U.S.C. §1346(b)(1) (emphasis added). Among the circumstances in which a private person would be liable are those referred to in *Ellerth*.

The proviso in §2680(h) was enacted in large measure based on Congress's disgust with abuses by federal law enforcement officers in undertaking lawless no knock entries of homes without warrants or probable cause. *See* S. Rep. No. 93-588, 1974 U.S.C.C.A.N. 2789, 2790. Congress would not likely have been less disgusted at the prospect of a federal correctional officer coercing an inmate to submit to unwanted sex. Whether that is what happened in the case at bar is disputed. Whether, when the facts are known, these will turn out to be

circumstances in which a private employer would be liable is unclear. But the government is not entitled to summary judgment.

## Conclusion

For these reasons,

IT IS ORDERED:

1. Defendant Linton's motion for summary judgment (document 49) is DENIED.

2. Defendant United States' motion for summary judgment (document 51) is GRANTED IN PART and DENIED IN PART. The motion is granted with respect to claims of negligent hiring or training, and those claims are therefore dismissed with prejudice. The motion is denied with respect to claims of negligent supervision or retention and battery. I do *not* direct the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b).

SO ORDERED this 22d day of November, 2004.

s/Robert L. Hinkle
Chief United States District Judge