# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

BOBBIE BOLTON,

    Plaintiff,

v.                                CASE NO. 4:03cv307-RH/WCS

UNITED STATES OF AMERICA and
CORRECTIONS OFFICER JEFFREY LINTON,

    Defendant.

_____/

## **PRETRIAL ORDER**

This order sets forth rulings on pending motions as addressed at the pretrial conference on November 19, 2004. For the reasons set forth on the record at that time,

    IT IS ORDERED:

    1. Trial is specially set for Monday, December 13, 2004.

    2. Claims against defendant Jeffrey Linton will be tried to a jury. Claims against defendant United States will be tried to the court sitting with an advisory jury.

    3. Unless otherwise ordered before the striking of the jury begins, plaintiff

will have six peremptory challenges and each defendant will have three peremptory challenges.

    4.  The parties may submit in writing not later than one week prior to trial proposed voir dire questions.  Regardless of whether they have submitted proposed voir dire questions, they will be afforded an opportunity prior to selection of the jury to request additional voir dire questions by the court.  The parties also will be afforded an opportunity to conduct their own voir dire limited to questions reasonably calculated to develop information for use in exercising cause or peremptory challenges and *not* including questions intended solely or primarily to establish a relationship with the jurors, condition the jury, inform the jurors of the facts or issues in the case, or argue the case.

    5.  By not later than one week prior to trial, any party planning to introduce deposition testimony at trial shall notify each other party of the pages and lines of deposition testimony to be introduced.  By not later than two business days before trial, each other party so notified shall notify the party proposing to introduce the deposition testimony of any other parts of the deposition that the other party proposes to have introduced at the same time.  By not later than the day before trial, each party shall notify each other party of any objections the party has to introduction of the proposed deposition testimony identified in accordance with this paragraph.  Any objections or disagreements regarding the introduction of

deposition testimony shall be brought to the court's attention by not later than the time of the attorney conference on the morning of jury selection. Nothing in this paragraph affects the use of depositions for impeachment of testifying witnesses.

      6. Exhibits offered at trial (a) shall be numbered in accordance with the exhibit lists submitted as part of the pretrial stipulation, or (b) may be numbered in accordance with any more recent exhibit list filed with the consent of all parties. More specific identifications may be added for parts of composite or lengthy exhibits (as, for example, by renumbering Plaintiff's Exhibit 6 as Plaintiff's Exhibits 6A, 6B and 6C, or by using Bates numbers) so long as they do not impair the ability of all other attorneys to locate the exhibits based on the original designation. Exhibits may not be renumbered except as authorized by this paragraph.

      7. Materials, if any, that any party proposes to show to the jury in opening statement shall be disclosed in advance to counsel for all other parties.

      8. Defendant Jeffrey Linton's motion (document 56) for leave to file a reply memorandum in support of his motion for summary judgment is GRANTED.

      9. Plaintiff's consented motion (document 58) for an extension of time to respond to the motion of the United States for summary judgment is GRANTED, and the response as filed is deemed timely.

      10. Plaintiff's motion to strike admissions (document 63) remains pending.

Defendant United States shall file a reply as required by Local Rule 7.1.[1]

11.  Plaintiff's motion (document 67) for leave to file an amended complaint adding two new defendants is DENIED.

12.  Plaintiff's motion (document 64) for writs of habeas corpus ad testificandum is GRANTED IN PART and DENIED IN PART.  The motion is granted with respect to plaintiff Bobbi Bolton, and a writ has been issued.  The motion for writs is denied with respect to witnesses Mary Lee Faison and Helen Gray.  The partially consented alternative motion (document 65) for leave to present the testimony of Ms. Faison and Ms. Gray by telephone or video-conference is GRANTED.[2]  Their testimony may be presented by video-conference at the request of any party; or by telephone at the request of any party (if no party

---

[1] It is noted that the court's CM/ECF system—which makes a records of an attorney's access to documents—indicates that plaintiff's attorney first electronically accessed the requests for admission on November 7, 2004.  This is consistent with the attorney's assertion that he did not realize, when he received both paper copies of other discovery requests and electronic notice of the admissions requests, that they were not the same, and that he therefore did not attempt to access the electronic filings (that is, the admissions requests).

[2] As a matter of discretion, the court denied issuance of writs for personal attendance of these witnesses.  Also as a matter of discretion, however, the court would allow the deposition of either of these witnesses to be conducted between now and the time of trial, either in person or by telephone, and to allow the deposition testimony to be presented during the trial, either by videotape or by the reading of a transcript, to the extent the testimony is otherwise admissible.  At the pretrial conference, defendants consented to the presentation of the testimony of these witnesses by video-conference or telephone, as preferable to the taking and admission of their deposition testimony.

requests presentation by video-conference).  The party who calls a witness by video-conference or telephone is responsible for making logistical arrangements with the clerk of the court and correctional facility.

13.  Plaintiff's motion to present the testimony of witnesses Ashley Turner or Virginia Strickland by video-conference or telephone is DENIED without prejudice to renewal of the motion supported by an adequate showing of inability to secure the attendance of these witnesses in person.

SO ORDERED this 22d day of November, 2004.

s/Robert L. Hinkle
Chief United States District Judge
